**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-7711
Attorneys for Plaintiff,
John Hancock Life Insurance Company
n/k/a John Hancock Life Insurance Company (USA)

By: _____
    Steven P. Del Mauro

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY n/k/a JOHN HANCOCK LIFE INSURANCE COMPANY (USA), | : <br> : <br> : <br> : |
| Plaintiff, | : |
| | :     Civil Action No. 1:11-cv-00002-JGK |
| v. | : |
| JOYCE STANTON, SAMUEL STANTON, ESTATE OF EMMA STANTON, Deceased, and ESTATE OF CHARLES STANTON, Deceased, | : <br> : <br> : <br> : |
| Defendants. | : <br> : |

### COMPLAINT FOR INTERPLEADER

Plaintiff John Hancock Life Insurance Company n/k/a John Hancock Life Insurance Company (USA) ("John Hancock"), for its claim for relief against the Defendants, alleges and states as follows:

### I.    Jurisdiction and Venue

1.      This interpleader action is brought pursuant to Fed. R. Civ. P. 22 and 28 USC §1335.

2.      John Hancock has custody or possession of proceeds, including interest, of a John Hancock annuity contract, bearing contract no. GPOxxxx309, totaling Fifty-Eight Thousand Eight Hundred and Sixty-Three Dollars and Twenty-Nine Cents ($58,863.29). Adverse claimants, three who are diverse in citizenship to one another and to John Hancock, have presented claims for said benefits, payment of which, in accordance with the claims submitted, may expose John Hancock to double or multiple liability.

3.      At all times herein mentioned, Plaintiff has been a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at John Hancock Place, Post Office Box 111, Boston, Massachusetts 02117, and was authorized to do, and is doing business in, the State of New York. John Hancock is a citizen of the Commonwealth of Massachusetts.

4.      Defendant Joyce Stanton, daughter of John Stanton and Administratrix of the Estate of John Stanton, whose address is listed as 1268 Teller Avenue, Bronx, Bronx County, New York, is a citizen of the State of New York.

5.      Defendant Samuel Stanton, cousin of John Stanton, whose address is listed as 1266 Teller Avenue, Bronx, Bronx County, New York, is a citizen of the State of New York.

6.      Emma Stanton, sister of John Stanton, died on September 21, 2006, in the State of California, and at the time of her death, Emma was a citizen of the State of California.

7.     Charles Stanton, brother of John Stanton, died on September 6, 2006, in the State of Michigan, and at the time of his death, Charles was a citizen of the State of Michigan.

8.     Defendant Joyce Stanton is an adverse claimant to Defendant Samuel Stanton, the Estate of Emma Stanton and the Estate of Charles Stanton.

9.     This interpleader action is properly venued in the United States District Court for the Southern District of New York pursuant to 28 USC §§1391 and 1397.

## II.     Claim for Relief

10.     On or about March 6, 2002, John Stanton ("John"), age 80, purchased a John Hancock annuity contract, bearing contract no. GPOxxxx309 ("annuity contract"), with an initial deposit of $42,000.  A true and accurate copy of the Annuity Enrollment Application, with redactions by counsel, is attached hereto as Exhibit "A".

11.     In the Annuity Enrollment Application, John designated his spouse Rosa Stanton, daughter Joyce Stanton, and brother Charlie Stanton as beneficiaries, providing for Rosa to receive 50 percent, Joyce to receive 25 percent, and Charlie to receive 25 percent of the annuity proceeds.

12.     On June 10, 2005, John completed a John Hancock Annuities Contract Change Form and changed his beneficiaries to his daughter Joyce Stanton, cousin Samuel Stanton, sister Emma Stanton, and brother Charlie Stanton.  John provided that Joyce would receive 20 percent, Samuel would receive 40 percent, Emma would receive 20 percent and Charlie would receive 20 percent of the annuity proceeds.  A true and accurate copy of the John Hancock Annuities Contract Change Form, with redactions by counsel, is attached hereto as Exhibit "B".

13.   On or about June 1, 2006, John Hancock was advised that John Stanton had died on May 12, 2006.

14.   Shortly thereafter John Hancock mailed claim forms for the death benefits to the designated beneficiaries, Joyce Stanton, Samuel Stanton, Emma Stanton, and Charlie Stanton, and requested a certified death certificate for John Stanton.

15.   Joyce Stanton submitted a Claimant's Statement, dated July 25, 2006, to John Hancock.

16.   Samuel Stanton submitted a Claimant's Statement, dated June 22, 2006, to John Hancock.

17.   Emma Stanton submitted a Claimant's Statement, dated July 11, 2006, to John Hancock.

18.   Charlie Stanton submitted a Claimant's Statement, dated June 29, 2006, to John Hancock.

19.   On or about November 1, 2006, John Hancock was advised that Emma Stanton and Charlie Stanton had died.

20.   On or about February 28, 2007, John Hancock mailed claim forms to Joyce Stanton advising that new claim statements on behalf of the Estates of Emma Stanton and Charlie Stanton, together with certified death certificates for Emma Stanton and Charlie Stanton and letters of administration naming the executor(s) for the Estates of Emma Stanton and Charlie Stanton were required to be submitted to process the claims for death benefits pursuant to the annuity contract.

21.   Jovan Stanton, the executor of the Estate of Charles Stanton, submitted a Claimant's Statement, dated March 2, 2007, to John Hancock.

22.     On or about May 31, 2007, an attorney for Joyce Stanton, wrote to John Hancock advising that "we believe a fraud was perpetrated by a possible beneficiary."

23.     On July 27, 2007, John Hancock wrote to counsel for Joyce Stanton requesting more specific information and evidence in support of the position that a fraud was perpetrated by a possible beneficiary.  John Hancock also advised counsel that John Stanton owned a second fixed annuity contract, and that in May 2006 John Hancock had distributed the death benefit under that contract in equal shares to the named beneficiaries:  Charlie Stanton, Emma Stanton and Samuel Stanton.

24.     Shantiya Hughes, the trustee of the Emma Stanton Living Trust, submitted a Claimant's Statement, dated July 5, 2007, to John Hancock.

25.     Although John Hancock was hopeful that counsel for Joyce Stanton would provide more specific information and evidence in support of their position that a fraud was perpetrated by a possible beneficiary, John Hancock has not received more specific information and evidence.  John Hancock is not aware that there has been a voluntary agreement among the beneficiaries concerning the division of the annuity proceeds.

26.     John Hancock cannot determine to whom the disputed annuity proceeds belong, and fears exposure to multiple liability if it delivers the disputed annuity proceeds to Defendants in the percentages as designated on the John Hancock Annuities Contract Change Form, dated June 10, 2005: Joyce Stanton to receive 20 percent, Samuel Stanton to receive 40 percent, Estate of Emma Stanton to receive 20 percent, and Estate of Charlie Stanton to receive 20 percent.

27.     Plaintiff claims no interest in the disputed annuity proceeds described above, and wishes to deposit same in Court, and be discharged from any obligation for

the annuity proceeds, interest thereon, the detention of such, or further liability to any of said Defendants after the date of deposit.

28.    John Hancock is ready, willing and offers to deposit the annuity proceeds with the Court or with the person duly authorized by the Court.

29.    With the filing of the within Complaint and if the Court enters an Order to deposit the sum of money, John Hancock is prepared to immediately deposit the Policy proceeds, including interest, in the total amount of Fifty-Eight Thousand Eight Hundred and Sixty-Three Dollars and Twenty-Nine Cents ($58,863.29), with the Clerk of the Court and request this Court to place said money in an interest-bearing account as allowed and provided by the Court Rules and applicable law.

30.    John Hancock has incurred, is continuing to incur, and will continue to incur costs and attorneys' fees in bringing this action.

WHEREFORE John Hancock demands judgment against Defendants, and each of them, for relief more particularly described as follows:

(1)    An order declaring and adjudging the lawful and proper beneficiary(ies) of the death benefit provided under and pursuant to the annuity contract, bearing contract no. GPOxxxx309, on account of the death of John Stanton; and

(2)    An order declaring and adjudging that upon John Hancock's payment of the death benefit to the Clerk of the United States District Court for the Southern District of New York, John Hancock shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the Defendants and any other claimant for the death benefit arising under the annuity contract, bearing contract no. GPOxxxx309, on account of the death of John Stanton; and

(3)     An order releasing and discharging John Hancock, its agents, employees, representatives, predecessors, successors, and assigns from and against any and all liability, suits, debts, judgments, dues, sums and/or causes of action whether at law or at equity, to any person, entity, claimant, defendant or otherwise for any and all benefits arising under and pursuant to the annuity contract, bearing contract no. GPOxxxx309, on account of the death of John Stanton; and

(4)     An order permanently restraining and enjoining the Defendants, and each of them, from instituting and prosecuting a suit, civil action or civil proceeding in any state, federal or other court of competent jurisdiction against John Hancock seeking benefits or asserting damage claims arising under the annuity contract, bearing contract no. GPOxxxx309, as a consequence of the death of John Stanton; and

(5)     An order awarding reasonable attorneys' fees, costs of suit, and such other relief the Court deems equitable and just in this action.

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
Attorneys for Plaintiff,
John Hancock Life Insurance Company
n/k/a John Hancock Life Insurance Company (USA)

By: _____
        Steven P. Del Mauro

Dated:  December 27, 2010

# EXHIBIT A

## GROUP ANNUITY CERTIFICATE APPLICATION

John Hancock Life Insurance Company
1 John Hancock Way, Suite 1500, Boston, MA 02217-1500

### 1. CERTIFICATE TYPE

Flexible Premium Deferred Annuity   EX NO. **309**

Certificate No. G-PA   1309

### 2. PREMIUM

Initial Premium $ 42,000

Request for Subsequent Premium Notices: Amount $_____

Interval:  ☐ Monthly   ☐ Semi-Annually
          ☐ Quarterly  ☐ Annually

### 3. EFFECTIVE DATE

3 - 6 - 02
Month   Day   Year

### 4. INTEREST RATE / GUARANTEE PERIOD

Guarantee Period: ☒ 1 ☐ 5 Year(s)

Interest Rate: 6 % For First Year

_____ % For Remainder of Guarantee Period*
(*does not apply to 1-year Guarantee Period)

### 5. ANNUITANT

Name John H. STANTON
        First

Residence _____
            Street

City BRONX  State NY  Zip 10456

Date of Birth ___ / 2 / ___   ☒ Male  ☐ Female
              Month Day Year

Soc. Sec. No./Tax ID No. _____

### 6. OWNER (if other than Annuitant)

Name _____
     First   MI   Last

Residence _____
            Street

City _____ State _____ Zip _____

Date of Birth ___ / ___ / ___
              Month Day Year

Soc. Sec. No./Tax ID No. ___ __ ____

### 7. JOINT OWNER (if applicable, does not apply to IRA's.)

Name _____
     First   MI   Last

Residence _____ MISS ANNUITY PAYMENT
            Street

City _____ State _____ Zip P-2-41
                               2002 MAR -8

Date of Birth ___ / ___ / ___
              Month Day Year

Soc. Sec. No./Tax ID No. ___ __ ____

### 8. BENEFICIARY

If this section is left blank, then the beneficiary will be the Owner's estate.

Name ROSA K. STANTON   50%

Relationship ☒ Spouse  ☐ Other _____

Enter joint ownership and other special cases here. See sample designations on reverse.

Contingent Beneficiary (optional) 25%  CHARLIE STANTON BROther

Name JOYCE D. STANTON

Relationship ☐ Spouse  ☐ Other DAUGHTER

### 9. TYPE OF ANNUITY

☒ Non-Qualified          ☐ IRA Rollover
☒ IRA ____ (Tax Year)    ☐ IRA Transfer
☐ Roth IRA ____ (Tax Year)  ☐ Other

### 10. DATE OF MATURITY

If this section is left blank, then the Date of Maturity will be the Annuitant's 90th birthday.

The contract anniversary nearest the Annuitant's:
☒ 90th birthday  ☐ Other age _____

### 11. WILL THE ANNUITY APPLIED FOR REPLACE OR CHANGE ANY EXISTING ANNUITY OR LIFE INSURANCE?

☐ Yes  ☒ No   If Yes, indicate:

Issuer _____

Contract Type _____

Contract No. _____

☐ 1035 Exchange (please submit cost basis information)

### 12. SPECIAL REQUESTS

SPouse 50% Beneficiary
Daughter 25%   Brother 25%

Annuities are NOT insured by FDIC and are NOT obligations of any bank. The financial institution does not guarantee performance by the insurer issuing the annuity, nor is it insured by the FDIC, NCUSIF, or any other federal entity.

### 13. SIGNATURES

The following applies to each of the undersigned: To the best of my knowledge and belief, the statements in this application are true and complete. I understand that no agent or representative is authorized to waive or change any of the conditions or provisions in the application or contract. The contract (consisting of this application and the attached contract) will take effect as of its Effective Date, but only if the Annuitant is living on that date and the Initial Premium (as shown above) has been received at John Hancock's Servicing Office.

X _____   Joint Owner, if any _____   Annuitant, If Other Than Owner _____
Owner                                3/6/02 NY NY        3/6/02
                                     Signed at (City & State)   Date

IRENE KOVICH 681929

Agent          License. No

AGENT: Is the applied for intended to replace any existing annuity or life insurance?  ☐ Yes  ☒ No

Agency and Number EMI GRANT   952

Agent Name and Social Security Number IRENE KOVICH

Telephone No. 1-877-542-2657

156-GPA5-01NY

ORIGINAL / JOHN HANCOCK

REDACTED

# EXHIBIT B



ANN #4

# John Hancock Annuities
# Contract Change Form

## 1. INFORMATION ABOUT YOU

Contract Number: GPA          309

Owner(s) Name: JOHN H. STANTON

Annuitant (if different than owner): _____

Address: _____

City: Bronx          State: NY     Zip: 104.56

Daytime Phone: (718)

Social Security Number: _____

Social Security Number: _____

## 2. ADDRESS CHANGE

Please change the address on the above listed contract to the following:

Address: _____

City: _____     State: _____     Zip: _____     Home Phone: ( ) _____

## 3. NAME CHANGE

Name change is for: ☐ Owner     ☐ Annuitant

Change is due to (check one):
☐ Marital status has changed from single to married. (Enclose copy of legal marriage license.)
☐ Marital status has changed due to a divorce; utilizing maiden name. (Attach copy of divorce decree.)
☐ Other. Please explain: _____     (Attach copy of relevant court order.)

Change From: _____
                    Prior Name

Change To: _____
                    New Name

_____
Prior Signature

_____
New Signature

## 4. BENEFICIARY CHANGE

Indicate beneficiary changes to your contract. If you designated a beneficiary as irrevocable in the past, you may not change that designation without authorization from the irrevocable beneficiary (section 7).   4 beneficiaries

Primary beneficiary(ies):

| Full name | Address, City, State, Zip | Relationship to owner | % of proceeds |
|---|---|---|---|
| JOYCE D. STANTON | | Daughter | 20 % |
| SAMUEL STANTON | 12 66 Teller Ave Bronx NY | Cousin | 40/0 90 |

Contingent beneficiary(ies):

| Full name | Address, City, State, Zip | Relationship to owner | % of proceeds |
|---|---|---|---|
| EMMA STANTON | | Sister | 20 % |
| CHARLIE STANTON | | Brother | 20 % |

## 5. CHANGE OF CONTRACT INFORMATION

☐ Annuitant
☐ Beneficiary
☐ Contract Owner

Incorrect Social Security     ☐☐☐-☐☐-☐☐☐☐
Correct Social Security       ☐☐☐-☐☐-☐☐☐☐
Incorrect Date of Birth       ___/___/___
Correct Date of Birth         ___/___/___

REDACTED

## 6. CHANGE OF MATURITY DATE

Please change the Date of Maturity to ___/___/___
                                       month  day  year

**SPECIAL NOTES:** The Date of Maturity elected must be at least 31 days after the date of this notice. Special restrictions apply to qualified plans.

BKANNCC 12/99

## 7. TRANSFER OF OWNERSHIP

- Transfers of ownership may be taxable events. You should consult your tax advisor before requesting this change.
- You cannot change the annuitant on your contract. This person will remain the same throughout the life of the contract.
- The current beneficiary designation will not change, unless you also complete section 4 of this form.

As owner of the contract, I request that all benefits, rights and privileges of this contract be assigned to the new owner listed below, or to the new owner's successors and/or assigns.

New Owner: _____   Date of Birth: _____

Social Security or Tax I.D. Number: _____   Telephone Number: ( _____ ) _____

For Trusts: List Trustee(s) _____   Date of Trust: _____

Address: _____

City: _____   State: _____   Zip: _____

## 8. SIGNATURES

Owner's Signature: X _John Stanton_   Date: 6/10/05

Joint Owner's Signature: _____   Date: _____

For Beneficiary Changes only:
Signature of Irrevocable Beneficiary (if any): _____   Date: _____

For Ownership Changes only:
Signature of New Owner: _____   Date: _____

Witness (if required in your state): _____   Date: _____

## 9. CONTACT INFORMATION

Mail this form to: John Hancock
Attn: Annuity Post-Issue Services
P.O. Box 772
Boston, MA 02117

For assistance call: 1-800-732-5543

For Hearing Impaired (TDD) call: 1-800-832-5282

Overnight address: John Hancock
Attn: Annuity Post-Issue Services, X-4
529 Main Street
Charlestown, MA 02129